BENJAMIN F. SMITH *vs.* ROBERT M. JACKMAN & another.

Suffolk. Nov. 13. — 17, 1884. FIELD, DEVENS, & COLBURN, JJ., absent.

In an action against the members of a partnership upon a promissory note, and on an account annexed for goods sold and delivered, if one of the issues is whether the plaintiff had notice of the dissolution of the partnership, a notice of such dissolution published in a newspaper is competent, in connection with other evidence tending to show that the plaintiff saw and read the notice.

In an action against the members of a partnership upon a promissory note, and on an account annexed for goods sold and delivered, one of the issues was whether the plaintiff had notice of the dissolution of the partnership. He testified that he had no knowledge of such dissolution until after the bringing of the action. One of the partners, who alone defended the action, was allowed to put in evidence certain bills or statements of account for goods sold and delivered to him personally by the plaintiff at various times after the cause of action had accrued. *Held*, that the plaintiff had no ground of exception.

CONTRACT against Thomas H. Jackman and Robert M. Jackman, on two promissory notes, dated respectively May 7, 1879, and May 22, 1879, signed Jackman Brothers; and also on an account annexed for goods sold and delivered on August 2, 1879. Writ dated January 29, 1883. Answer, a general denial, and a

denial that the signatures to the notes were the signatures of Thomas H. Jackman, who alone defended. Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

It was proved that a partnership formerly existed between Thomas H. Jackman and Robert M. Jackman, under the firm name of Jackman Brothers; and that the plaintiff for a long time had dealings with said partnership. Thomas H. contended that, before any part of the plaintiff's cause of action accrued, the partnership was dissolved; that he had retired from the firm; and that notice of the dissolution was given to the plaintiff. The plaintiff denied that any dissolution of the partnership had taken place; contended that, if such dissolution had taken place, the same was fraudulent as to persons dealing with the firm; and denied that he had received notice of the dissolution.

Upon the question of notice to the plaintiff of the dissolution of said partnership, the defendant, against the plaintiff's objection, introduced in evidence certain bills or statements of account for goods sold and delivered to Thomas H. Jackman, at various times, from November 5, 1879, to December, 1882. These statements were sent by the plaintiff to Thomas H. Jackman, and referred to transactions which took place after the time the notes in controversy were signed and the goods for which the plaintiff seeks in this action to recover were delivered. The plaintiff denied that he had notice of the dissolution or knowledge of it from any source until after bringing this action; and excepted to the admission of this evidence.

Robert M. Jackman was a witness for the plaintiff, and denied any knowledge of the publication of the notice of dissolution hereinafter set forth. One Hamblett testified for the defendant, that, on March 25, 1879, Robert M. Jackman gave him a written notice of dissolution, signed by Thomas H. Jackman and Robert M. Jackman, and the notice of the continuance of the business, thereto annexed, signed by Robert M. Jackman, and requested him to publish said notice in the Boston Daily Globe; that the witness took a paper containing both said notices to the office of the Boston Daily Globe for publication, but could not state whether he took the paper containing said notices given him by Robert M. or a copy of the same. Robert M. Jackman denied

signing the notice offered.   Thomas H. Jackman testified that, on March 27, 1879, he enclosed a copy of the Boston Daily Globe, containing said notices, in a wrapper, and directed the same to the plaintiff at his place of business in Boston.   Mrs. Jackman testified that she deposited the paper, so enclosed and directed, in the post-office in Peabody for transmission to the plaintiff.

J. F. Appleton testified to a conversation with the plaintiff, in which the plaintiff said that he had read the notice of dissolution in the paper.   Evidence was also introduced that search had been made for the paper given by Robert M. Jackman to Hamblett, and that the same could not be found.   The defendant was then allowed, against the plaintiff's objection, to read from the Boston Daily Globe dated March 27, 1879, a notice of the dissolution of the partnership, dated March 25, 1879, and purporting to be signed by Thomas H. Jackman and Robert M. Jackman.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*F. A. Perry*, for the plaintiff.

*H. P. Moulton*, for the defendant, was not called upon.

BY THE COURT.   One of the questions at the trial was whether the plaintiff had notice of the dissolution of the firm of Jackman Brothers.   Upon this issue, the notice of the dissolution published in the Boston Daily Globe was competent, in connection with the other evidence in the case tending to show that the plaintiff had seen and read the notice.

The plaintiff testified that he had no knowledge of the dissolution until after the bringing of this action.   The defendant introduced in evidence " certain bills or statements of account for goods sold and delivered to Thomas H. Jackman, at various times " after the cause of action in this suit had accrued.   If these were bills of goods such as the plaintiff was in the previous habit of selling to the firm, they would have some tendency to show that, when he rendered them, he knew that the firm had been dissolved, and thus to contradict his testimony.   The bill of exceptions does not show any error in admitting them.

*Exceptions overruled.*